68 F.3d 474
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. FRIEND, Plaintiff-Appellant,
v.
Walter B. CHAPLEAU, Warden; Jack Lewis, Commissioner;
Lacefield, Officer, Defendants-Appellees.
 No. 95-5628.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges; and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Michael Friend, a pro se Kentucky prisoner, appeals a district court's summary judgment entered in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Friend brought his civil rights action against the Commissioner of the Kentucky Department of Corrections, the Warden of the Kentucky State Reformatory (KSR), and a Correctional Officer in the property room at KSR, alleging that the defendants violated his constitutional rights under the First and Fourteenth Amendments by destroying four boxes of legal files. Furthermore, Friend alleged that destruction of the files constituted a continuing policy of harassment against "jailhouse lawyers." The undisputed facts giving rise to Friend's civil rights action are clearly set forth in the district court's memorandum opinion, and will not be repeated here except as necessary to the disposition of this appeal.
 
 
 4
 Both parties moved for summary judgment. The district court granted summary judgment in favor of the defendants after concluding that the challenged prison policy which limits the amount of personal property that a prisoner may possess in his cell does not impinge upon a prisoner's right of access to the courts. This appeal followed.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994).
 
 
 6
 Summary judgment was proper to the extent Friend alleged damages as a result of the defendants destroying legal papers relevant to the case of Wagner v. Collins. "[A] plaintiff must show that he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat must be both 'real and immediate,' not 'conjectural' or 'hypothetical.' " City of Los Angeles v. Lyons, 461 U.S. 95, 101-02 (1983) (citations omitted). Friend is not a party to the case of Wagner v. Collins. Because Friend is not a party to Wagner, he lacks standing to assert the constitutional rights of other inmates. See Newsom v. Norris, 888 F.2d 371, 381-82 (6th Cir.1989).
 
 
 7
 Summary judgment was proper to the extent Friend challenged prison policy CPP 17-01-01, which limits the amount of personal property that a prisoner may possess in his cell. A prisoner's constitutional rights may be impinged upon by a prison regulation only if the regulation is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). When evaluating the constitutionality of prison regulations, the courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979); see also Skelton v. Pri-Cor, Inc., 963 F.2d 100, 103-04 (6th Cir.1991) (per curiam), cert. denied, 503 U.S. 989 (1992); Martucci v. Johnson, 944 F.2d 291, 293-94 (6th Cir.1991).
 
 
 8
 The defendants have demonstrated a valid rational connection between CPP 17-01-01 and a legitimate and neutral governmental interests, i.e., fire safety, security, and sanitation. CPP 17-01-01, on its face, passes constitutional muster under the Safley analysis. Nothing in the policy prevents, prohibits or even affects a prisoner's access to the prison law library. Although an inmate may be denied immediate access to some of his legal materials, the restriction does not necessarily result in a denial of meaningful access to the courts. As the district court correctly pointed out, Friend has a constitutional right of access to the courts, see Bounds v. Smith, 430 U.S. 817, 822 (1977), but he does not have a constitutional right to store unlimited amounts of personal property, including legal papers, in his cell. CPP 17-01-01, which limits the amount of personal property a prisoner may store in his cell, bears no relationship to a prisoner's access to the courts, and the policy is facially valid in that it imposes no limitation upon a prisoner's meaningful access to the courts.
 
 
 9
 Finally, although the district court did not address Friend's claim that he was entitled to a hearing prior to his legal material being discarded, the court's failure to address this claim was harmless error. Fed.R.Civ.P. 61. Prison rules prohibit unlimited amounts of legal materials in a prisoner's cell. Moreover, the record reflects that Friend was given every opportunity to dispose of his excess property, but Friend chose not to and the property was discarded. This in no way constituted a seizure nor did it require that Friend receive a hearing in accordance with due process principles because Friend simply did not have a constitutional right to maintain an unlimited of legal materials in his cell.
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation